IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JAMES D. MILLER,**

          **Plaintiff,**

**v.**                                                  **Case 2:18-cv-02752-JTF-cgc**

**AEROTEK SCIENTIFIC,**

          **Defendant.**

---

### REPORT AND RECOMMENDATION ON
### DEFENDANT'S MOTION TO DISMISS

---

Before the Court is Defendant Aerotek Scientific's Motion to Dismiss. (Docket Entry ("D.E." #15). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1] Defendant requests that the Court dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2) and (b)(5) of the Federal Rules of Civil Procedure for insufficient service of process and lack of personal jurisdiction.

Plaintiff filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (D.E. # 1 & 5.) On December 13, 2018, Plaintiff was granted leave to proceed *in forma pauperis*. (D.E. # 6) Pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), the court conducts a screening

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

of the *pro se* complaint to determine whether or not summons shall be issued by the Clerk. No further action is required of Plaintiff or Defendant until the court has completed its screening of the complaint. In the event the court directs the Clerk to issue summons, process will be served by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). On April 10, 2019, the screening was completed and an order was entered to issue and effect service. (D.E. # 8) The Order directed the U.S. Marshal to make service "upon Defendant pursuant to Rule 4(h)" The return indicates that the documents were served on CT Corporation on May 7, 2019. (D.E. # 10) In its motion, Aerotek, Inc. the entity which wholly owns Aerotek Scientific, LLC (D.E. # 17), states that CT Corporation is not the registered agent for Aerotek Scientific, LLC.

Aerotek argues that the complaint should be dismissed for insufficient service of process and lack of personal jurisdiction pursuant to Fed.R.Civ.P 12(b)(2) and (b)(5). Primarily, Aerotek asserts that service was not effected within the 120 days required by Fed.R.Civ.P 4(m) and that without proper service, the court does not have personal jurisdiction over the defendant.

Special rules govern the issuance of summonses and service of process in cases where a *pro se* plaintiff is proceeding *in forma pauperis*. Under Local Rule 4.1(b)(2) of the Local Rules of the United States District Court for the Western District of Tennessee:

> If a *pro se* plaintiff who is not a prisoner is proceeding *in forma pauperis*, the Clerk will issue summonses only if directed to do so by the Court following screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Process will be served by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).
> L.R. 4.1(b)(2).

In a similar case in this district, Murrell v. Cracker Barrel 13-cv-02619-SHL-dkv, the defendant moved for dismissal based on insufficient service of process where the *pro se* plaintiff proceeded *in forma pauperis*. The summons in the case was mailed to the defendant, was not accompanied by a copy of the complaint, and was not received by an officer of the company nor an employee designated to receive service of process. In the report and recommendation by Chief Magistrate Judge Diane Vescovo, it was recommended that the Clerk of Court

> "be directed to reissue a summons to Cracker Barrel… and to deliver the summons along with a copy of the complaint, a copy of the Report and Recommendation and a copy of the Order to the U.S. Marshal for service; that service be made on Cracker Barrel Old Country Store pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure by delivering the summons and documents to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process; that all costs of service by advanced by the United States; and that Cracker Barrel's motion to dismiss be denied at this time."

Despite the fact that the plaintiff had not responded to the motion to dismiss, Judge Vescovo recommended that there was good cause for the plaintiff's failure to timely effect proper service on Cracker Barrel. As Plaintiff was not responsible for the mechanics of service in this case, it is recommended that good cause also exists in this case for failure to timely effect proper service and that similar remedial efforts may be made. Counsel for Aerotek has indicated a willingness to accept service on this matter on behalf of Aerotek Scientific, LLC as of the date of the entry of an order denying the instant motion.

Accordingly, it is RECOMMENDED that Defendant's Motion to Dismiss be DENIED. It is FURTHER RECOMMENDED that, upon the entry of an order denying the instant motion,

Aerotek be deemed served with the summons and complaint and that they be permitted twenty (20) days from that date to answer or otherwise respond to the Complaint

**DATED** this 22nd day of January, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**