# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. MILLER, | ) | |
| Plaintiff, | ) ) | |
| | ) | No. 2:18-cv-02752-TLP-cgc |
| v. | ) ) | JURY DEMAND |
| AEROTEK SCIENTIFIC, | ) ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James D. Miller sued Defendant Aerotek Scientific and moved to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff alleges Defendant terminated his employment in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Plaintiff also claims that Defendant subjected him to "emotional stress" and a "hostile work environment" during his employment at Aerotek. (*Id.* at PageID 3.)

The Magistrate Judge then ordered that the Clerk shall issue process for Defendant and deliver that process to the marshal for service. (ECF No. 8.) The summons was returned executed to "CT Corporation" (ECF No. 10), but Defendant never answered or otherwise responded to the Complaint. The Magistrate Judge then issued a Report and Recommendation ("R&R") recommending that the Court invite Plaintiff to move for default judgment under Rule 55(b)(2).

Shortly thereafter, Defendant filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction. (ECF No. 15.) In the motion, Defendant argues that the court

lacks personal jurisdiction over it because Plaintiff did not serve it with process within the time required by Federal Rule of Civil Procedure 4(m). (*Id.* at PageID 44.) Although the summons was returned executed, Defendant maintains that Plaintiff served an agency not designated by Defendant to accept service on itself. (*Id.*) The Magistrate Judge then entered an order vacating the first R&R (ECF No. 18) and issued a new R&R (ECF No. 19.)

In the new R&R, the Magistrate Judge found:

> As plaintiff was not responsible for the mechanics of service in this case, it is recommended that good cause also exists in this case for failure to timely effect proper service and that similar remedial efforts may be made. Counsel for Aerotek has indicated a willingness to accept service on this matter on behalf of Aerotek Scientific, LLC as of the date of the entry of an order denying the instant motion.
>
> Accordingly, it is RECOMMENDED that Defendant's Motion to Dismiss be DENIED. It is FURTHER RECOMMENDED that, upon the entry of an order denying the instant motion, Aerotek be deemed served with the summons and complaint and that they be permitted twenty (20) days from that date to answer or otherwise respond to the Complaint.

(ECF No. 19 at PageID 57–58.)

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error, **ADOPTS** the R&R in its entirety and **DENIES** Defendant's Motion to Dismiss. Defendant has twenty (20) days from the entry of this Order to answer or otherwise respond to the Complaint.

**SO ORDERED**, this 10th day of February, 2020.

                                        s/ Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE