IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**JAMES D. MILLER,**

        **Plaintiff,**

v.                                      Case 2:18-cv-02752-TLP-cgc

**AEROTEK SCIENTIFIC,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON AEROTEK SCIENTIFIC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

     Before the Court is Defendant Aerotek Scientific's[1] ("Aerotek") Motion to Dismiss Plaintiff's Complaint. (Docket Entry ("D.E." #24). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[2] For the reasons set forth herein, it is RECOMMENDED that Aerotek's Motion to Dismiss may be GRANTED for failure to respond to the instant motion and for failure to timely respond to the Court's Order to Show Cause. In the alternative, should the District Court proceed to the merits of the instant motion, it is RECOMMENDED that Aerotek's Motion to Dismiss Plaintiff's Title VII hostile work

---

[1] Defendant states that it was improperly named "Aerotek Scientific" and should be named "Aerotek Scientific LLC." Thus, it is RECOMMENDED that the Clerk of Court be directed to correct the docket to reflect the name of Defendant as Aerotek Scientific, LLC.

[2] **Error! Main Document Only.**The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

environment claim be GRANTED and that Aerotek's Motion to Dismiss Plaintiff's Title VII disparate-treatment claim be DENIED.

## I. Introduction

On October 26, 2018, Plaintiff James D. Miller filed a *pro se* Complaint alleging employment discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Specifically, Plaintiff alleges that he was hired by Aerotek's staffing service on September 12, 2017 as a Clean Room Custodian and was assigned to work at Cognate Bio Services. (Compl. at PageID 5). He alleges that he was the only male Clean Room Custodian. (*Id*. at PageID 6). On January 26, 2018, Plaintiff alleges that he "was involved in a verbal altercation" with a female co-worker, Connie Trixie ("Trixie"), who threatened him. (*Id*. at PageID 5). Plaintiff alleges that Trixie and another co-worker, Cheryl, called him names, sabotaged his work, "made disrespectful[,] degrading and vulgar comments" towards him, and "made it hard" for him to work. (*Id*. at PageID 5, 7) Plaintiff alleges that he reported their harassment to supervisor Derek Grice on several occasions but that "nothing was done about it." (*Id*. at PageID 5)

Plaintiff alleges that, on January 31, 2018, he received a telephone call from Nadene Garrett ("Garrett"), an Aerotek recruiter, who informed him that he should not report to work due to accusations that he "attacked a co-worker on the job." (*Id*. at PageID 6). Plaintiff alleges that this occurred because Trixie told a supervisor that he had a gun inside his car and that she was in fear of her life. (*Id.*) Plaintiff states that Trixie's report that he attacked her is false. (*Id*.) Further, Plaintiff alleges that he believes that Trixie claimed that he attacked her because he

knew that she did not complete her cleaning duties and thought he was going to report her. (*Id*. at PageID 6-7). Plaintiff alleges that Trixie also threatened him with "physical violence," and told him that, if she lost her job, she was going to "see [him] outside." (*Id*. at PageID 7). Plaintiff states that neither Trixie nor Cheryl were disciplined or terminated. (*Id*. at PageID 7)

On March 2, 2020, Aerotek filed the instant Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Aerotek argues as follows: (1) Plaintiff has failed to plead that the alleged harassment was based on his sex; (2) Plaintiff affirmatively states that the alleged harassment was based on his co-worker's believe that he was going to turn her in for not completing her work, not because he is male; and, (3) Plaintiff has failed to plead that any similarly situated female employee was treated more favorably than him in regard to the termination decision.

Local Rule 12.1(b) provides that a "party opposing a motion to dismiss must file a response within 28 days after the motion is served." Plaintiff failed to do so. On April 17, 2020, the Court issued an Order to Show Cause (D.E. #29) requiring Plaintiff to respond to Defendant's Motion to Dismiss within fourteen (14) days of the entry of that Order. The Order to Show Cause explicitly provided that "[f]ailure to comply with this Order may result in Plaintiff's case being dismissed without further notice." Although Plaintiff's response was due May 1, 2020, he did not file his response until May 4, 2020. (D.E. #30). Therein, he only briefly alludes to the facts of his case and provides no argument or legal authority why Aerotek's Motion to Dismiss should be denied.[3]

---

[3] Plaintiff does allege that he suffered delays in prosecuting his case due to a motor-vehicle accident in which he sustained "serious injuries"; however, he alleges that this happened on July 15, 2019 and only prevented his participation in his case "for several months." Thus, this does not provide any basis to consider excusing Plaintiff from complying with the Court's April 17, 2020 Order to Show Cause.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests."  *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Analysis

#### a. *Plaintiff's Failure to Respond to Motion to Dismiss and Order to Show Cause*

As a threshold matter, Plaintiff failed to respond to Defendant's Motion to Dismiss and did not timely respond to this Court's Order to Show Cause. The Order to Show Cause provided that dismissal would be recommended under such circumstances. Accordingly, it is

RECOMMENDED that Defendant's Motion to Dismiss may be GRANTED for failure to respond to the motion and to this Court's Order.

### b. Title VII Claims

Turning to the merits of the instant motion, Aerotek asserts that Plaintiff's Title VII hostile work environment and disparate-treatment claims both fail as a matter of law. Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). A plaintiff may establish Title VII claim by introducing direct evidence of discrimination or by proving circumstantial evidence which would support an inference of discrimination. *Kline v. Tennessee Valley Auth.,* 128 F.3d 337, 348 (6th Cir. 1997) (disparate treatment); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007) (hostile work environment). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct-evidence approach, a plaintiff must present evidence that, "if believed, *requires* the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 2000). To successfully pursue a direct-discrimination claim, the evidence must establish, *without any inferences or presumptions*, that discriminatory motives caused the adverse employment action. *Nguyen v. City of Cleveland*, 229 F.3d 59, 563 (6th Cir. 2000); *see also Brack v. Shoney's, Inc.,* 249 F. Supp. 2d 938, 947 (W.D. Tenn. 2003). If the plaintiff introduces evidence of an adverse employment action on the basis of his protected status, the burden of persuasion shifts to the employer to prove that it would have taken the adverse employment action even had it not been motivated by discrimination. *Manzer v. Diamond*

6

*Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989)).

Under the circumstantial evidence approach, the tripartite test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and later clarified in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), applies to determine if the conduct violated Title VII. First, a plaintiff must establish a prima facie case. For a disparate treatment claim, this requires as follows: (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated, non-protected employees. *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004). For a hostile work environment claim, a plaintiff must show as follows: (1) that he belonged to a protected group; (2) that he was subject to unwelcome harassment; (3) that the harassment was based upon his protected status; (4) that the treatment was "sufficiently severe or pervasive to alter the conditions of employment and create and abusive working environment"; and, (5) that the employer "knew or should have known about the harassment and failed to act." *Reed*, 556 Fed. App'x at 432 (citing *Williams v. CSX Trans. Co.*, 643 F.3d 502, 511 (6th Cir. 2011)).

However, the requirement of establishing a prima facie case under Title VII "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) (considering whether a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) must be plead to overcome a motion to dismiss a Title VII complaint). To survive a motion to dismiss, a plaintiff must only comply with Rule 8(a) of the Federal Rules of

7

Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

With respect to Plaintiff's hostile work environment claim, Aerotek argues that Plaintiff's Complaint expressly states that the harassment was due to the fact that his co-worker believed that he might inform management that she was not performing her work duties. Upon review, Aerotek correctly summarizes the allegations in Plaintiff's Complaint. The Sixth Circuit has clearly held that "[p]ersonal conflict does not equate with discriminatory animus" and is not actionable under Title VII. *Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 789 (6th Cir. 2000) (citing *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 342-43 (6th Cir. 1998), *cert. denied*, 525 U.S. 1106 (1999)); *see also Vitt v. City of Cincinnati*, 97 Fed. App'x 634, 638 (6th Cir. 2004) (citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 464 (6th Cir. 2000) (reasoning that there is a difference "between lawful conduct—even if insensitive—and discriminatory harassment"); *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 467 (6th Cir. 2012) (concluding that "the conduct of jerks, bullies, and persecutors is simply not actionable under Title VII unless they are acting because of the victim's gender."). Thus, it is RECOMMENDED that Plaintiff's Complaint does not contain a short and plain statement of the claim showing that he is entitled to relief under Title VII. Accordingly, it is RECOMMENDED that Aerotek's Motion to Dismiss Plaintiff's Title VII hostile work environment claim be GRANTED.

With respect to Plaintiff's disparate-treatment claim, Aerotek argues that Plaintiff fails to allege that any similarly situated non-protected employees were treated more favorably. Pursuant to *Swierkiewicz*, Plaintiff is not required to explicitly plead this element of the prima facie case. *See Drerup v. NetJets Aviation, Inc.*, No. 2:19-cv-3499, 2020 WL 2837019, at *5

(concluding that the plaintiff was not required to plead that similarly situated non-protected individuals were treated differently to survive a motion to dismiss). However, in *Drerup*, the plaintiff's complaint did contain key allegations regarding her belief that the termination decision was based upon her sex.[4] This allowed the Court to determine that she had satisfied the requirements of Rule 8(a) and successfully plead a claim for discrimination on the basis of sex. Upon review, Plaintiff's Complaint contains similar allegations. Specifically, he alleges that Trixie threatened him with physical violence but was not terminated while he was falsely accused of attacking Trixie and threatening her and was terminated.[5] It is RECOMMENDED that, together with his other allegations, this suffices to set forth a short and plain statement of the claim showing that he is entitled to relief under Title VII. Accordingly, it is RECOMMENDED in the alternative that, if the Court determines that Defendant's Motion to Dismiss Plaintiff's Complaint should not be granted in full based upon his failure to respond to the motion and failure to timely respond to the Order to Show Cause, Aerotek's Motion to Dismiss Plaintiff's Title VII disparate-treatment claim be DENIED.

---

[4] The plaintiff in *Drerup*, a female pilot, alleged that male pilots who were too tall to fly certain aircraft were reassigned to aircraft that were compatible with their stature; however, she alleged that she was terminated because she was too short to fly a certain aircraft when there were others which her stature and qualifications would have permitted her to fly. *See Drerup*, 2020 WL 2837019 at *1-*2.

[5] Quite understandably, Aerotex distinguishes Trixie's alleged threats with the information it received that Plaintiff was involved in a physical attack upon Trixie. Aerotek also correctly notes that Plaintiff does not allege that it knew about Trixie's threats such that it could take any appropriate action. Although these issues may certainly prove key in the resolution of the Title VII claim, requiring Plaintiff to allege these details at this stage is inconsistent with *Swierkiewicz* and with the persuasive authority provided in *Drerup*.

## IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Aerotek's Motion to Dismiss may be GRANTED for failure to respond to the instant motion and for failure to timely respond to the Court's Order to Show Cause. In the alternative, should the District Court proceed to the merits of the instant motion, it is RECOMMENDED that Aerotek's Motion to Dismiss Plaintiff's Title VII hostile work environment claim be GRANTED and that Aerotek's Motion to Dismiss Plaintiff's Title VII disparate-treatment claim be DENIED.

**SIGNED** this 16th day of July, 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**