**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JAMES D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02752-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| AEROTEK SCIENTIFIC, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR FINAL JUDGMENT**

Plaintiff James D. Miller sued Defendant Aerotek Scientific and moved to proceed in forma pauperis. (ECF Nos. 1 & 2.) Plaintiff alleges Defendant terminated his employment in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Plaintiff also claims that Defendant subjected him to "emotional stress" and "hostile work environment" during his employment at Aerotek. (*Id.* at PageID 3.)

Defendant moved to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 16(b)(6). (ECF No. 24.) Plaintiff failed to respond to that motion, and the Magistrate Court issued an order to show cause. (ECF No. 29.) Plaintiff again failed to respond to the order to show cause and so the Magistrate Court issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Plaintiff's complaint for failure to prosecute. (ECF No. 36.) In addition, the Magistrate Court addressed the merits of the motion and recommended that if this Court chose to consider the merits, this Court should grant part of the motion and deny the other part. (*Id.*)

For the reasons below, the Court **ADOPTS** the portion of the Magistrate Court's R&R that addresses the merits of the motion.

## BACKGROUND

Plaintiff began working for Defendant in 2017 as a Clean Room Custodian assigned to work at Cognate Bio Services. (*Id.* at PageID 5.) He alleges that he was the only male in that position and began having trouble with his other coworkers. (*Id.* at PageID 5–6.) For example, he got into a verbal altercation with one co-worker, Connie Trixie, who Plaintiff alleges verbally threatened him. (*Id.* at PageID 5.) And Plaintiff alleges that another coworker, Cheryl, called him names, made vulgar and disrespectful comments toward him, sabotaged his work, and made it difficult for him to complete his work. (*Id.* at PageID 5, 7.) Plaintiff allegedly reported the harassment but his supervisor did not act to deal with the harassment. (*Id.* at PageID 5.)

Plaintiff alleges that Trixie also threatened him with physical violence, saying that she would "see [him] outside" if she lost her job because of Plaintiff. (*Id.* at PageID 7.) According to Plaintiff, Defendant failed to discipline either Trixie or Cheryl for their harassment. (*Id.*) But Plaintiff alleges that he was terminated for similar conduct.

Plaintiff alleges that one of Defendant's recruiters informed Plaintiff that he could no longer report to work and was being terminated for "attack[ing] a co[]worker on the job." (*Id.* at PageID 6.) Apparently, Trixie told a supervisor that Plaintiff attacked her, that he had a gun inside his car, and that she feared for her life. (*Id.*) Plaintiff alleges that Trixie made this false report because she thought he would report her for failing to complete her job duties. (*Id.* at PageID 6–7.)

## **LEGAL STANDARD**

A magistrate judge may submit a report and recommendation to a district judge on how to address certain pretrial matters. 28 U.S.C. § 636(b)(1)(A). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When reviewing an R&R from the Magistrate Court,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a de novo review, a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

The Court reviews any portions of an R&R over which no party makes specific objections for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes; *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." *See Howard*, 932 F.2d at 508 (citing *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)).

I.      **Failure to Prosecute**

First, the Magistrate Court recommended dismissal of the complaint for Plaintiff's failure to respond to Defendant's motion to dismiss and his failure to respond to the order to show cause. (ECF No. 36 at PageID 103.) Plaintiff then moved pro se for final judgment, which purports to be in response to the Magistrate Court's order to show cause. (ECF No. 38.) In his motion, Plaintiff alleges new, expanded facts to bolster his claims. (*Id.* at PageID 114–18.) And Plaintiff seeks to state a new claim for breach of contract against Defendant. (*Id.* at PageID 118.) But Plaintiff fails to provide any reason or explain (show cause) why he failed to respond to the Magistrate Court's show cause order. (*See* ECF No. 38.) The Court finds that although Plaintiff's pro se motion for final judgment is not an objection to the Magistrate Court's R&R. *See* Fed. R. Civ. P. 72. The Court therefore reviews this recommendation for clear error.

Here, although the Court finds no clear error in the Magistrate Court's R&R, the Court interprets Plaintiff's pro se motion for final judgment as an attempt to litigate his case more. (*See* ECF No. 38.) It therefore does not appear that Plaintiff is abandoning this action.[1] So the Court **OVERRULES IN PART** the R&R in that it recommends dismissal for failure to prosecute under Federal Rule of Civil Procedure 41.

The Court next addresses the merits of Defendant's motion to dismiss.

---

[1] Plaintiff's filings, however, are difficult to follow and have largely been nonresponsive. And Plaintiff has failed to timely respond to Defendant's motions and the Magistrate Court's orders. The Court warns Plaintiff that further failure to respond may lead to dismissal of his case for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## II. The Merits of Defendant's Motion to Dismiss

In the alternative, the Magistrate Court recommended that the Court grant Defendant's motion to dismiss Plaintiff's hostile work environment claim and deny the motion to dismiss Plaintiff's disparate-treatment claim. (*Id.* at PageID 103–04.)

### A. Plaintiff's Hostile Work Environment Claim

As for Plaintiff's hostile work environment claim, the Magistrate Court noted that Plaintiff himself argues that his coworker harassed him for the sole reason that his coworker believed that Plaintiff might report to management that she was not adequately performing her duties. (ECF No. 36 at PageID 110.) The Magistrate Court thus recommended that this claim be dismissed because that reason for the alleged harassment is not actionable under Title VII. (*Id.*)

In Plaintiff's pro se motion for final judgment, he alleges additional facts surrounding his hostile work environment claim. (ECF No. 38 at PageID 116.) He claims that others confirmed the harassment he suffered at the hands of Connie Trixie and that Defendant did nothing to resolve those issues. (*Id.*) But even liberally construing the motion for final judgment as an objection to the Magistrate Court's R&R, the Court finds upon de novo review that the reasoning in the R&R is still sound.

Considering both Plaintiff's complaint and his pro se motion for final judgment, Plaintiff states no harassment actionable under Title VII. Plaintiff fails to allege that the harassment was due to his membership in a protected class. *See* 42 U.S.C. § 2000e-2(a) (prohibiting discrimination "because of such individual's race, color, religion, sex, or national origin."). And as the Magistrate Court correctly points out, the Sixth Circuit has long held that personal conflict does not equal discriminatory animus. (ECF No. 36 at PageID 110 (citing *Morris v. Oldham Cty. Fiscal Ct.*, 201 F.3d 784, 798 (6th Cir. 2000)). Indeed, "the conduct of jerks, bullies, and

5

persecutors is simply not actionable under Title VII unless they are acting because of the victim's [membership in a protected class]." *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 467 (6th Cir. 2012).

Because Plaintiff fails to show that the alleged harassment he suffered stems from his membership in a protected class, he fails to state a claim upon which relief may be granted. The Court thus **ADOPTS** the R&R's recommendation and **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII hostile work environment claim.

### B.    Plaintiff's Disparate Treatment Claim

As for Plaintiff's disparate treatment claim, the Magistrate Court found that Plaintiff states a claim for disparate treatment. (ECF No. 26 at PageID 111.) In particular, the Magistrate Court noted that Plaintiff alleges Trixie threatened him with physical violence and Defendant did not terminate her employment, yet when his coworkers falsely accused him of threatening and attacking Trixie, Defendant terminated Plaintiff as a result. (*Id.*) Plaintiff thus alleges that he was treated differently than a similarly situated employee of a different class. The Magistrate Court then properly recommended that, although Plaintiff has not met his prima facie case of discrimination, his specific allegations set forth a short and plain statement of facts showing that he is entitled to relief under Title VII under a disparate treatment theory. (*Id.*)

The Court finds that Plaintiff's pro se motion for final judgment is not an objection to the Magistrate Court's R&R, as no part of it addresses this recommendation. *See* Fed. R. Civ. P. 72. Defendant did not object to the R&R either, and the time to do so has now passed. The Court therefore reviews this recommendation for clear error.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS IN PART** the R&R on the Magistrate Court's recommendations to retain Plaintiff's claim under a disparate

treatment theory.  The Court therefore **DENIES** Defendant's motion to dismiss Plaintiff's disparate treatment claim.

### III.     Plaintiff's Motion for Final Judgment

Finally, Plaintiff's pro se motion for final judgment alleges that he is entitled to final judgment and payment of his requested damages because Defendant has not yet responded to his complaint.  (*Id.* at PageID 115.)  But Plaintiff misunderstands the role of a motion to dismiss.  A motion to dismiss is a proper response to a complaint under Federal Rule of Civil Procedure 12(b).  "A motion asserting [failure to state a claim upon which relief can be granted] must be made *before* pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Defendant, therefore, properly moved to dismiss Plaintiff's complaint before answering it.  Plaintiff has no right to entry of a final judgment on this ground.  The Court therefore **DENIES** Plaintiff's pro se motion for final judgment.

## **CONCLUSION**

For all these reasons, the Court:  (1) **OVERRULES IN PART** the R&R's recommendation to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41; (2) **ADOPTS** the R&R's recommendation over the merits of Defendant's motion to dismiss, **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII hostile work environment claim, and **DENIES** Defendant's motion to dismiss Plaintiff's Title VII disparate treatment claim; and (3) **DENIES** Plaintiff's pro se motion for final judgment.

**SO ORDERED**, this 5th day of August, 2020.

                                             s/Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE