## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**JAMES D. MILLER,**

        **Plaintiff,**

**v.**                                              **Case No. 2:18-cv-02752-TLP-cgc**

**AEROTEK SCIENTIFIC,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

---

Before the Court is Defendant Aerotek Scientific's ("Aerotek") Motion for Summary Judgement. (Docket Entry "D.E." #48). Pursuant to Administrative Order 2013-05, the instant motion was referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Aerotek's Motion for Summary Judgement be GRANTED.

### I.       Procedural Background

On October 26, 2018, Plaintiff James D. Miller filed a *pro se* Complaint against Aerotek alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2*, et seq*. (Title VII"). Specifically, Plaintiff alleges that he was discriminated against on the basis of sex when he was fired following a verbal altercation with a female co-worker, Connie Trixie ("Trixie"). (Compl. at 6). Plaintiff alleges that, while his employment was terminated, Trixie was neither

terminated nor disciplined.  (*Id.* at 5-7).  Plaintiff further alleges that Trixie and another co-worker, "Cheryl (LNU)" ("Cheryl"), called him names, sabotaged his work, and made it difficult for him to work.  (*Id.* at 5).

Following the Court's resolution of Aerotek's earlier motion to dismiss,[1] the sole remaining Title VII claim at issue is Plaintiff's disparate-treatment claim.  On April 16, 2021, Aerotek filed the instant Motion for Summary Judgment.  (D.E. #48, #49, #50).  Aerotek's motion is based upon the limited issue that Plaintiff's alleged comparator(s) were not employed by it and, therefore, are not proper comparators for Title VII purposes.

## II.    Proposed Finding of Fact[2]

Plaintiff was employed by Aerotek.  (Def.'s Statement of Uncontroverted Material Facts, Exhibit A ("Exh. A") at PageID 326 ¶ 1 & PageID 332 ¶ 1).  Trixie is the individual Plaintiff alleges engaged in behavior similar to that of which he was accused.  (Def.'s Statement of Uncontroverted Material Facts, Exhibit B ("Exh. B") at PageID 336 ¶ 1).  Trixie worked for Cognate BioServices ("Cognate"), not Aerotek.  (*Id.*; Exh. A at PageID 326 ¶ 2 & PageID 332 ¶ 2).  Aerotek did not have control over Trixie.  (Exh. A at PageID 328 ¶ 7 & PageID 332 ¶ 7).

---

[1]  On August 5, 2020, the District Court dismissed Plaintiff's Title VII claim alleging a hostile work environment.  (D.E. #39).

[2]  Aerotek has filed a Statement of Uncontroverted Material Facts in support of its Motion for Summary Judgment, as required by Local Rule 56.1(a)  However, Plaintiff has failed to respond to Aerotek's Statement of Uncontroverted Material Facts, as required by Rule 56.1(b), by either agreeing that the fact is undisputed or by demonstrating that the fact is disputed by a specific citation to evidence of the record.  Accordingly, Aerotek's Statement of Uncontroverted Material Fact shall be deemed undisputed pursuant to Local Rule 56.1(d).  Plaintiff has also not filed any additional disputed material facts of his own.

Cheryl also worked for Cognate, and Aerotek had no control over her.  (Exh. A at PageID 327-328 ¶¶ 3, 7 & PageID 332 ¶¶ 3, 7).

### III.    Proposed Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case.  *Id.* at 325.  This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV.    Proposed Conclusions of Law

The issue presented in the instant motion is whether a genuine issue of material fact exists as to Plaintiff's Title VII disparate-treatment claim of sex discrimination. Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). A plaintiff may establish a claim of disparate treatment based upon sex either by introducing direct evidence of discrimination or by proving circumstantial evidence which would support an inference of discrimination. *Kline v. Tennessee Valley Auth.,* 128 F.3d 337, 348 (6th Cir. 1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct-evidence approach, a plaintiff must present evidence that, "if believed, *requires* the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 2000). To successfully pursue a direct-discrimination claim, the evidence must establish, *without any inferences or presumptions*, that discriminatory motives caused the adverse

employment action.  *Nguyen v. City of Cleveland*, 229 F.3d 59, 563 (6th Cir. 2000); *see also Brack v. Shoney's, Inc.,* 249 F. Supp. 2d 938, 947 (W.D. Tenn. 2003).  If the plaintiff introduces evidence of an adverse employment action on the basis of his protected status, the burden of persuasion shifts to the employer to prove that it would have taken the adverse employment action even had it not been motivated by discrimination.  *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989)).

Under the circumstantial evidence approach, the tripartite test established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), and later clarified in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), applies to determine if the conduct violated Title VII.  First, a plaintiff must establish a *prima facie* case of discrimination, which requires as follows: (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently than similarly situated, non-protected employees.  *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004).  If plaintiff establishes the *prima facie* case, a mandatory presumption of discrimination is created and the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection."  *McDonnell Douglas*, 411 U.S. at 802.  If the defendant meets this burden, then a plaintiff must prove that the reason proffered by the defendant is a pretext to hide unlawful discrimination.  *Id.*

With respect to the direct evidence approach, there is no evidence in the record that establishes, without any inferences or presumptions, that discriminatory motives resulted in Plaintiff's termination.  With respect to the circumstantial evidence approach, there is no genuine dispute of material fact as to whether a similarly situated female was treated more favorably.

As to Trixie, to be considered as similarly situated, "the employment situation of the comparator must be similar to that of the plaintiff in all relevant aspects." *Romans v. Michigan Dep't of Hum. Servs.*, 668 F.3d 826, 837-38 (6th Cir. 2012). Two specific requirements are that the individuals have the same supervisor and that they are subject to the same standards. *Mitchell v. Toledo*, 964 F.2d 577, 583 (6th Cir. 1992). Here, Plaintiff and Trixie did not have the same supervisor, as they were not even employed by the same company. Further, they cannot be said to be subject to the same standards, as their respective employers had the authority to resolve the employment matters entirely independently of one another. Thus, it is RECOMMENDED that Trixie is not similarly situated to Plaintiff for purposes of Title VII.

As to Cheryl, Plaintiff's Complaint only alleges that she contributed to the hostile work environment. As already discussed, the District Court has dismissed that claim. However, as Defendant has addressed whether Cheryl is similarly situated for purposes of Plaintiff's Title VII disparate-impact claim, it is RECOMMENDED that she is not for the same reason as Trixie— because she was not employed by or under the control of Aerotek.

Ultimately, Plaintiff has failed to establish this final element of his prima facie case. Accordingly, it is RECOMMENDED that Plaintiff's Title VII disparate-impact claim of sex discrimination fails as a matter of law.

## V.    Conclusion

For the reasons set for herein, the Magistrate Judge RECOMMENDS that Aerotek's Motion for Summary Judgement (D.E. #48) be GRANTED.

**SIGNED** this 12th day of July, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**