IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02752-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| AEROTEK SCIENTIFIC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff James D. Miller sued Defendant Aerotek Scientific, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, et seq. ("Title VII").  (ECF No. 1 at PageID 1.)  Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Charmaine G. Claxton ("Judge Claxton") for management of all pretrial matters.

Defendant moved for summary judgment on Plaintiff's claims.  (ECF No. 48.)  Then the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court grant Defendant's Motion for Summary Judgment.  (ECF No. 53 at PageID 353.)

For the reasons below, the Court **ADOPTS** the R&R in full.

**BACKGROUND**

In 2017, Defendant hired Plaintiff as a custodian and assigned him to work at Cognate Bioservices ("Cognate").  (ECF No. 1 at PageID 5.)  Plaintiff alleges that he was the only male "cleanroom custodian" and that he started having trouble with his other coworkers.  (*Id.* at PageID 5–6.)  For example, he had a verbal altercation with a female co-worker, Connie Trixie

("Trixie"). (*Id.* at PageID 5.) He claims that Trixie and another co-worker, "Cheryl (LNU)" ("Cheryl"), called him names, sabotaged his work, and made it difficult for him to work. (*Id.*) Plaintiff claims that Trixie also threatened him with physical violence, saying that she would "see [him] outside" if she lost her job because of Plaintiff. (*Id.* at PageID 7.) Plaintiff alleges that he "reported the harassment" to his supervisor "on several occasions and nothing was done about it." (*Id.* at PageID 5.)

A few days after the altercation with Trixie, Plaintiff alleges that one of Defendant's recruiters told him "not to report to work due to accusations that [he] attacked a co-worker on the job." (*Id.* at PageID 6.) As a result, Plaintiff claims that Defendant terminated him based on Trixie's false allegations that Plaintiff threatened her. (*Id.*) But Defendant failed to discipline either Trixie or Cheryl for the harassment, even though it terminated him for similar conduct. (*Id.* at PageID 7.)

As a result, Plaintiff sued Defendant for gender and sex discrimination under Title VII. (*Id.* at PageID 3.) He brought claims for "emotional stress," unlawful termination, and hostile work environment. (*Id.* at PageID 8–9.) The only claim remaining, however, is Plaintiff's Title VII disparate-treatment claim.[1] (ECF No. 53 at PageID 358).

Now Defendant moves for summary judgment, arguing that Plaintiff cannot establish a prima facie case of gender discrimination. (ECF No. 49 at PageID 321.) In particular, Defendant claims that Plaintiff cannot show that it treated similarly situated nonprotected employees more favorably. (*Id.*) This is because Plaintiff's alleged comparators—Trixie and Cheryl—did not work for Defendant. (*Id.*)

---

[1] In August 2020, the Court adopted a R&R recommending that it dismiss Plaintiff's hostile work environment claim for failure to state a claim. (ECF No. 39 at PageID 161–62.)

2

The Court now discusses Judge Claxton's recommendation about the summary judgment motion.

## THE REPORT & RECOMMENDATION

### I. Undisputed Facts and Legal Standards

The Magistrate Judge first summarized the undisputed facts. (ECF No. 53 at PageID 354–55.) Because Plaintiff failed to respond to Defendant's list of material facts, Judge Claxton treated Defendant's Statement of Uncontroverted Material Facts as undisputed. (*Id.* at PageID 354.) Judge Claxton thus found that the parties did not dispute that Trixie and Cheryl worked for Cognate and that Defendant had no control over them. (*Id.* at PageID 354–55.) Judge Claxton also correctly explained the legal standards for a motion for summary judgment. (*Id.* at PageID 355.)

Next the Court addresses Judge Claxton's recommendation about Plaintiff's disparate treatment claim.

### II. Title VII Claim

The Magistrate Judge recommends that the Court grant the Motion for Summary Judgment, because Plaintiff fails to raise a genuine issue of material fact about her disparate-treatment claim. (*Id.*) Judge Claxton explained that a plaintiff may establish a disparate treatment claim by either (1) introducing direct evidence of discrimination, or (2) by providing circumstantial evidence supporting an inference of discrimination. (*Id.* at 356 (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997)).

Under the direct evidence approach, the plaintiff must present evidence that, "if believed, *requires* the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921,

3

926 (6th Cir. 1999). If the plaintiff takes the circumstantial evidence approach instead, the *McDonnell Douglas Corp. v. Green* test applies. 411 U.S. 792 (1973).

The Magistrate Judge explained that under the *McDonnell Douglas* test, the plaintiff has the burden of establishing a prima facie case of discrimination. (ECF No. 53 at PageID 357.) This requires proof that the plaintiff: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) that the defendant treated the plaintiff differently than similarly situated, non-protected employees. *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, (2009)); *see also Stewart v. Esper*, 815 F. App'x 8, 16 (6th Cir. 2020). If the plaintiff proves these elements, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802; *Potter,* 358 F.3d at 414. If the defendant provides some legitimate reason, next the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Potter*, 358 F.3d at 414–15 (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981)).

With all this in mind, the Magistrate Judge found that Plaintiff provided no direct evidence of discrimination here. (ECF No. 53 at PageID 357.) This is because "there is no evidence in the record that establishes, without any inferences or presumptions, that discriminatory motives resulted in Plaintiff's termination." (*Id.*)

Next the Magistrate Judge found that Plaintiff presented no circumstantial evidence of discrimination either. (*Id.*) That is, there is no genuine issue of material fact about whether Defendant treated similarly situated female employees more favorably than Plaintiff. (*Id.*) As Judge Claxton explained that a "similarly situated" employee is one whose "employment

4

situation… must be similar to that of the plaintiff in *all* relevant aspects." (*Id.* at PageID 358 (quoting *Romans v. Mich. Dep't of Hum. Servs.,* 668 F.3d 826, 837–38 (emphasis added))). This means that (1) the plaintiff and the comparator must have the same supervisor, and (2) the defendant must hold both of them to the same standards. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). What is more, the plaintiff and comparator must engage "in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.*

Considering these requirements, the Magistrate Judge found that Trixie and Cheryl do not qualify as similarly situated comparators here. (ECF No. 53 at PageID 358.) First, Judge Claxton explained that Trixie and Cheryl had different supervisors from Plaintiff. (*Id.*) Indeed, Trixie and Cheryl worked for a different company from Plaintiff. (*Id.*) It follows that "they cannot be said to be subject to the same standards, as their respective employers had the authority to resolve the employment matters entirely independently of one another." (*Id.*) For this reason, Judge Claxton determined that, under Title VII, Trixie and Cheryl do not qualify as similarly situated employees to Plaintiff. (*Id.*)

As a result, Judge Christoff found that Plaintiff failed to establish a prima facie disparate-treatment claim for sex discrimination. (*Id.*) So she recommends that this Court grant Defendant's Motion for Summary Judgment. (*Id.* at PageID 359.)

## **DISPOSITION**

### I.      **Plaintiff's Objection Is Untimely**

Federal Rule of Civil Procedure 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no

timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Judge Claxton entered the R&R on July 12, 2021. (ECF No. 53.) So Plaintiff had until July 26, 2021, to timely object to the order. But Plaintiff failed to do so. Instead, he waited until August 9, 2021, to object.[2] (*See* ECF No. 56.) As a result, Plaintiff's objection is untimely. And because Plaintiff has failed to object timely to the R&R, the Court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee notes. Having reviewed the R&R and the record here, the Court finds no clear error on the face of the record.

## II.     The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law

Yet even considering the merits of his objection, Plaintiff identifies no error in the Magistrate Judge's R&R.

His objection is general and identifies no specific issues with the R&R. Rather than discuss the recommendation, Plaintiff spends most of his objection restating the facts and adding new factual allegations to support his claims.[3] (*See* ECF No. 56.) "A general objection

---

[2] Plaintiff also filed—without first seeking the Court's permission—an amended complaint on August 27, 2021. (ECF No. 59.) Federal Rule of Civil Procedure 15 does not permit Plaintiff to amend as a matter of course four months after Defendant has moved for summary judgment. *See* Fed. R. Civ. P. 15(a)(1). And Plaintiff did not seek "the opposing party's written consent or the court's leave" to amend. *See* Fed. R. Civ. P. 15(a)(2). In addition, the scheduling order set the deadline for moving to amend pleadings as April 5, 2021. (ECF No. 47 at PageID 313.) And so Plaintiff's filing does not change the Court's analysis related to the R&R.

[3] Plaintiff's objection seems to add new allegations that Defendant defamed him and that Defendant terminated him because it found an "unknown substance" in his assigned work area. (ECF No. 56 at PageID 368–69.) But a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Because Plaintiff failed to put

that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (quotations omitted); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's report "has the same effects as would a failure to object").

That said, the Court agrees with Judge Claxton's assessment of Plaintiff's claims. To show disparate treatment through circumstantial evidence, Plaintiff must show that "similarly situated non-protected employees were treated more favorably." *Stewart*, 815 F. App'x at 16. A similarly situated employee "must be similar to that of the plaintiff in all relevant aspects." *Romans*, 668 F.3d at 837–38. Indeed, the plaintiff and the similarly situated employee must have the same supervisor. *Mitchell*, 964 F.2d at 583.

In his objection, Plaintiff does not dispute that Trixie and Cheryl had different employers than he did. In fact, he agrees that Trixie "was a direct hire employee for Cognate Bioservices," while Plaintiff "was a contract to hire employed by Aerotek Scientific and contracted to Cognate Bioservices." (ECF No. 56 at PageID 367.) As a result, Plaintiff fails to state a disparate treatment claim.

All in all, the Magistrate Judge's R&R contains no clear errors, and even reviewing the report de novo, the Court agrees with all of the Magistrate Judge's findings.

---

these new claims properly before the Magistrate Judge, the Court considers them new contentions and an inappropriate consideration here. *Id.*

## CONCLUSION

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety.  The Court therefore **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.  Judgment will follow entry of this order.

**SO ORDERED**, this 15th day of September, 2021.

    /s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE